FILED
United States Court of Appeals
Tenth Circuit

April 15, 2014

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

FRANK DONALD WILLIAMS;
DANIEL LARRY; DANIEL LABATO;
JOSEPH STONE; STEPHANIE
SLATER,

      Plaintiffs-Appellants,

v.

WEBER COUNTY; CRAIG L.
DEARDEN; JAN M. ZOGMAISTER;
KERRY W. GIBSON; KEN BISHOFF,
in their official capacities,

      Defendants-Appellees.

No. 13-4104
(D.C. No. 1:11-CV-00021-CW)
(D. Utah)

ORDER AND JUDGMENT*

Before **PHILLIPS**, **McKAY**, and **ANDERSON**, Circuit Judges.

Frank Donald Williams, Daniel Larry, Daniel Labato, Joseph Stone, and Stephanie

Slater appeal the district court's grant of summary judgment in favor of Weber County,

---

    * After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, claim preclusion, and issue preclusion. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and 10th Circuit Rule 32.1.

Utah, and the Weber County Commissioners, on their consolidated civil rights 42 U.S.C. § 1983 complaints. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

Plaintiffs were charged with crimes in Weber County. Weber County has entered into fixed-price contracts with local attorneys to represent indigent criminal defendants. All Plaintiffs requested, and were appointed, defense counsel to represent them in their criminal proceedings. All Plaintiffs pleaded guilty, and then all sued Defendants, alleging Defendants had deprived them of their Sixth Amendment right to counsel. Plaintiffs allege that Defendants provided inadequate funding for, and failed to train, supervise, and monitor, the defense counsel who had been appointed to represent them. Plaintiffs seek damages for the alleged constitutional violations. The district court concluded that these claims were barred by *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994), which held that a state prisoner may not recover damages under § 1983 if a favorable judgment would necessarily imply the invalidity of his conviction unless the conviction has been invalidated. Accordingly, the district court granted summary judgment for Defendants.[1]

"We review a district court's grant of summary judgment de novo, using the same standards applied by the district court." *Baca v. Sklar*, 398 F.3d 1210, 1216 (10th Cir. 2005). Summary judgment shall be granted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). On appeal, Plaintiffs primarily argue that the

---

[1] Plaintiffs also asserted a claim under Utah's state constitution arising out of the same allegations, but they do not challenge the district court's grant of summary judgment on that claim.

indigent-defense program in Weber County fails to meet constitutional standards.  In the last few pages of their brief, they argue that the district court erred in granting summary judgment to Defendants under *Heck*.  We need reach only the *Heck* issue to affirm the district court's judgment.  Because Plaintiffs' claims necessarily implicate the validity of their convictions, and because they all seek damages for their counsels' alleged ineffectiveness, the district court correctly granted summary judgment to Defendants.

Under *Heck*,

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus . . . . A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck*, 512 U.S. at 486–87 (emphasis in original) (footnote omitted) (citation omitted).

It is undisputed that none of the Plaintiffs' convictions or sentences has been invalidated.  But Plaintiffs argue nonetheless that *Heck* does not bar their claims, citing many cases in which *Heck* has been held not to bar § 1983 claims because the claims did not necessarily implicate the validity of the plaintiffs' convictions.  Plaintiffs argue their § 1983 complaints allege only that their rights were violated as a result of improper *procedures*, not that their underlying convictions or sentences are improper.

- 3 -

We are not persuaded. It is true that *Heck*'s favorable-termination bar is inapplicable when a prisoner's § 1983 suit "threatens no consequence for his conviction or the duration of his sentence." *Muhammad v. Close*, 540 U.S. 749, 751 (2004). And although the Supreme Court has held that there are circumstances in which a § 1983 action challenging only allegedly unconstitutional procedures might not be barred by *Heck*, it made clear that is true only if the challenged procedures do not necessarily imply the invalidity of the plaintiff's conviction. *See Edwards v. Balisok*, 520 U.S. 641, 645–46 (1997).

Here, if Plaintiffs prevailed on their § 1983 claims, that would necessarily imply the invalidity of their guilty pleas. Each Plaintiff alleged that during his or her criminal case, he or she had spoken with his or her attorney only one or two times and for only a few minutes each time. Each Plaintiff alleged that his or her attorney never provided a copy of the criminal charges or any discovery material, never informed him or her of any defenses, and never performed any true investigation about the case. Each Plaintiff alleged that his or her defense counsel told Plaintiff—without conducting any investigation—that he or she had no defense. And each Plaintiff alleged that he or she was given no opportunity to prepare a defense, or to ask questions about the nature of the criminal case or the ramification of the charges. All alleged that he or she was coerced by defense counsel into admitting the charges against him or her. *See* App. at 16 (Williams's complaint); Complaint ¶¶ 31–37, *Lobato v. Weber Cnty.*, No. 1:11-cv-00030-CW (D. Utah 2011), ECF No. 3; Complaint ¶¶ 31–37, *Stone v. Weber Cnty.*, No. 1:11-cv-

- 4 -

00033-CW (D. Utah 2011), ECF No. 3; Complaint ¶¶ 31–37, *Larry v. Weber Cnty.*, No. 1:11-cv-00034-CW (D. Utah 2011), ECF No. 3; Complaint ¶¶ 31–37, *Slater v. Weber Cnty.*, No. 1:11-cv-00037-CW (D. Utah 2011), ECF No. 3.

These allegations, if proven, would necessarily imply that Plaintiffs received constitutionally ineffective assistance of counsel, potentially rendering their guilty pleas invalid. *See Hinton v. Alabama*, 134 S. Ct. 1081, 1088 (2014) (holding that "counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary"); *Hill v. Lockhart*, 474 U.S. 52, 59 (1985) (describing scenarios in connection with plea bargaining in which an attorney's failure to investigate, discover potentially exculpatory evidence, or advise client of defenses could constitute ineffective assistance of counsel); *Williams v. Jones*, 571 F.3d 1086, 1091 (10th Cir. 2009) (holding that attorney's coercion of client's decision regarding a plea offer was constitutionally deficient and established prejudice); *see also Satterwhite v. Texas*, 486 U.S. 249, 256 (1988) ("Some constitutional violations . . . by their very nature cast so much doubt on the fairness of the trial process that, as a matter of law, they can never be considered harmless. Sixth Amendment violations that pervade the entire proceeding fall within this category."); *United States v. Cronic*, 466 U.S. 648, 659 (1984) ("[I]f counsel entirely fails to subject the prosecution's case to meaningful adversarial testing, then there has been a denial of Sixth Amendment rights that makes the adversary process itself presumptively unreliable.").

Plaintiffs cite *Powers v. Hamilton County Public Defender Commission*, 501 F.3d 592, 603 (6th Cir. 2007), a Sixth Circuit decision which held that an ineffective-assistance-of-counsel claim was not barred by *Heck* because there was no way for the plaintiff to obtain habeas review of his incarceration. But no bar to habeas relief has been alleged here. Plaintiffs also argue that applying *Heck*'s bar to their cases "runs completely counter" to many cases challenging indigent-defense funding around the country. *See* Reply Br. 3. But none of the cases they cite was brought under § 1983: One involved the right to counsel in foster-children deprivation proceedings, and the rest involved state-law claims. Plaintiffs also filed supplemental authority directing us to a recent unpublished order from the United States District Court for the Western District of Washington granting injunctive relief in a § 1983 action, based on its ruling that the municipal defendants had implemented a system of public defense that systematically deprives criminal defendants of the assistance of counsel by deliberately providing inadequate funding and monitoring. *Wilbur v. City of Mount Vernon*, No. C11-1100RSL, 2013 WL 6275319, at *8–9 (W.D. Wash. Dec. 4, 2013). In addition to lacking precedential value, the *Wilbur* ruling is easily distinguishable. At the time the *Wilbur* plaintiffs filed their class-action complaint, they had been charged with crimes and appointed public defenders, but had not been convicted, and, more significantly, the *Wilbur* plaintiffs sought declaratory and injunctive relief, not damages. *See id*. at *1, *8-10. *Heck* serves to bar only actions "to recover *damages* for allegedly unconstitutional conviction or imprisonment." *Heck*, 512 U.S. at 486 (emphasis added).

- 6 -

In sum, because Plaintiffs seek damages for § 1983 claims that necessarily implicate the validity of their convictions, and their convictions have not been reversed or declared invalid, the district court properly granted summary judgment to Defendants. We affirm the district court's judgment.

Entered for the Court

Gregory A. Phillips
Circuit Judge